# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **CACI, INC. – FEDERAL,** | |
| Plaintiff, | |
| v. | |
| **BAO-TRAN X. NGO,** | Case No. 1:17-cv-988 |
| **Aka CJ Ngo,** | |
| Defendant**.** | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION TO FILE DOCUMENTS UNDER SEAL

Plaintiff CACI, INC. – FEDERAL ("CACI"), by counsel, pursuant to Local Civil Rule 5, submits this Memorandum in Support of its Motion to File Under Seal its Exhibits D through AA, attached to the Declaration of John Mengucci (which is itself attached to the Memorandum in Support of CACI's Emergency Motion for Temporary Restraining Order).  Because CACI satisfies the requirements of Local Rule 5, its motion to file documents under seal should be granted.

### Background

CACI has filed a Verified Complaint against defendant Bao-Tran X. Ngo ("Ngo") in which it alleges, among other causes of action, that Ngo, a former CACI employee, has misappropriated trade secrets and other proprietary and/or confidential information.  CACI also has moved for a temporary restraining order which is supported, in large part, by the Declaration of John Mengucci (the "Mengucci Declaration").  The Mengucci Declaration has a total of 27 exhibits; Exhibits D through AA consist of emails and other documents (including PowerPoint presentations and Excel spreadsheets) containing and/or reflecting the trade secrets Ngo has misappropriated.  For the reasons explained in CACI's memorandum in support of its emergency motion for a temporary

restraining order, the information contained in Exhibits D through AA satisfies the requirements

for trade secret protections under both the Defend Trade Secrets Act of 2016 (the "DTSA") and

the Virginia Uniform Trade Secrets Act (the "VUTSA"), and CACI would suffer serious and

irreparable harm if the proprietary and commercially sensitive information contained in those

exhibits is made public.  Moreover, because CACI is a government contractor and is involved with

a number of sensitive government agency projects—and several of the exhibits CACI seeks leave

to file under seal contain information related to those projects—there is a heightened need for a

sealing order.

## <u>Argument</u>

The trade secret information that CACI requests to seal is not the type of information that

is covered by the First Amendment's right of access to judicial records.  Under the Fourth Circuit

precedent, "the First Amendment guarantee of access has been extended only to particular judicial

records and documents. *See, e.g.*, *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253

(4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case); *In

re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (documents filed in connection with

plea hearings and sentencing hearings in criminal case)." *Stone v. Univ. of Md. Med. Sys. Corp.*,

855 F.2d 178, 180-81 (4th Cir. 1988) (citations completed); *see also Va. Dep't of State Police v.

Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Accordingly, this Court need not find that

there exists a compelling government interest for sealing the documents.  *See Stone*, 855 F.2d at

180–81.

While the common law presumption of the right to inspect and copy judicial documents

"attaches to all 'judicial records and documents,'"  *Stone*, 855 F.2d at 180 (quoting *Nixon v.

Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), "[t]his right of access to court records is not

absolute." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.2d at 235. When determining whether particular records submitted in a judicial proceeding should be sealed, a court considers "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (citing *Nixon*, 435 U.S. at 597–608); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013) (same). Because this case was just initiated through the filing of CACI's Verified Complaint, there is not yet a Protective Order in place. However, Exhibits D through AA to the Mengucci Declaration would only be produced in discovery on a "Confidential" or "Confidential – Attorneys' Eyes Only" basis due to their contents. The trade secret information reflected in Exhibits D through AA relates not only to specific client contracts and prospective client proposals, but also to CACI's overall competitive strategies, finances (including costs and profit margins), recruiting efforts and key customer contacts and other information. This trade secret information was developed by CACI over many years, at considerable expense, and is maintained as confidential and proprietary by CACI through a number of security measures. The information could be used by a competitor to gain a competitive advantage and unfairly compete against CACI.

This Court routinely enters protective orders providing that information marked by the parties as "Confidential" or "Confidential – Attorneys' Eyes Only" indicates that this information "ha[s] not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes [the information] contains or comprises (a) trade secrets, (b) proprietary

3

business information or (c) information invasive of an individual's legitimate privacy interests"

(for "confidential" information) or "that the disclosing party reasonably and in good faith believes

[the information] is so highly sensitive that its disclosure to a competitor could result in significant

competitive or commercial disadvantage to the designating party or significant competitive or

commercial advantage to the receiving party" (for "confidential – attorneys' eyes only

information"). *See, e.g.*, Agreed Protective Order, *E.I. du Pont de Nemours & Co. v. Kolon

*Industr., Inc.*, No. 3:09cv58 (E.D. Va. Aug. 26, 2009), ECF No. 53.

To assist the Court in its resolution of this motion, CACI provides the following summary

of several representative exhibits contained in Exhibits D through AA to the Mengucci

Declaration:

- Exhibit D is a PowerPoint presentation entitled "[XYZ] Weekly Tag Up – 9 Aug 2017" that details CACI's plan to capture the XYZ contract. The presentation is a comprehensive capture strategy for the competition. Among other important things, it outlines upcoming meetings with client contacts; divides tasks among the competition proposal team members; describes initial agreements with sub-contractors and partners and delineates preferred collaboration opportunities; and notes key client contacts and discussions.

- Exhibit E is an Excel spreadsheet entitled "Spend Plan [XYZ] 04-21-17" that describes CACI's bid and proposal costs. It lists bid preparation activities by CACI employee, including capture management, solutioning, technical proposals, authoring, reviewing, and producing. It also lists each individual's hourly rate and forecasts hours and costs for each month from April 2017 (the beginning of the capture strategy) to October 2018. The spreadsheet thus contains CACI's budget, hours, and costs associated with bidding for the XYZ contract. This is highly sensitive information for the competition. It was attached to an email entitled "Fwd: [XYZ] B&P," dated July 19, 2017.[1]

- Exhibit F is a PowerPoint presentation entitled entitled "[XYZ] Strategic Capture Review." This June 23, 2017 presentation represents CACI's blueprint to win the XYZ competition. It describes client constraints driving the competitive process, CACI's positioning within the market, an overview of the competitive opportunity, CACI's incumbency vis-à-vis its competitors, and CACI's contract plans and the

---

[1] "B&P" stands for Bid and Proposal.

client's relevant organizational structure.  It also describes CACI's key shaping efforts, the competitive landscape for the competition, including the strengths and weaknesses of CACI's competitors, CACI's teaming strategy, and its overall competitive strategy.  In short, it contains CACI's capture strategy.

- Exhibit I is an email entitled "Fwd: Action Items - 27 July [XYZ] Meeting."  It records action items for CACI team members.  The email tasks CACI employees, including Ms. Ngo, with key tasks.  For instance, Ms. Ngo was to meet with the client to understand its reorganization and maintain close ties with CACI's competitor.  The email also addresses the XYZ B&P planning, subcontracting, and specific written work-product to be delivered to the client.  These important taskings align with CACI's competition capture strategy.

- Exhibit K is a Word document.  Among other sensitive information, it lists key project successes and challenges.  The document also explains CACI's competitive advantages, value-adds to past projects, and goals for the upcoming RFP.

- Exhibit L is a PowerPoint presentation entitled "Project Management Review (PMR) – Professional Services – [ABC][2]."  The presentation reviews CACI's work on one of the two contracts it serviced that will be a part of the consolidated competition.  The presentation describes CACI's achievements, staffing, subcontracting labor, hiring processes, project costs, project risks, customer stakeholders and their satisfaction and relationship with CACI employees, CACI's past meetings with client representatives, and CACI's work towards maximizing its award fee.  It is a blueprint for measuring the project's success.

- Exhibit M is a PowerPoint presentation entitled "GIO Programs TODAY and TOMORROW."  It contains CACI's understanding of the client's consolidation of its four existing contracts into one project up for competition.  It also identifies those key employees responsible for overseeing the projects in the future.

- Exhibit Q is an Excel spreadsheet entitled "[XYZ] Actions."  It lists actions that CACI team members are to undertake.  It describes each action, the date it is due, the CACI employee assigned to complete each task, and offers notes about each task and its completion.  The spreadsheet lists the many tasks CACI determined were necessary to undertake and complete in order to execute on its competition capture strategy.

- Exhibits S and T are email messages.  They summarize client concerns.  They also outline CACI staffing issues.  A CACI competitor could leverage this information against CACI to undermine it in the bid process.

---

[2] CACI has removed this project's code name and substituted it with "ABC" in the briefing for confidentiality purposes.

- Exhibit W is an email message entitled "Fw: Fy17 forecast rates." It contains CACI cost data, forecasts, and rate information for CACI projects, including those being consolidated into the competition. This information is tantamount to CACI pricing because contracting, especially service contracts, are based on rate information.

- Exhibit Y is an email entitled "Fwd: Q4 Recap" and its attached PowerPoint presentation. The email itself states that it should not be distributed because it contains "lots of financial and proprietary information." In fact it contains CACI revenue information, rate information, and 2018 pipeline information. The competition is highlighted for its B&P costs in 2018, and the importance of engaging with the client early to understand the upcoming RFP.

Courts of this district have found that a public's right of access can be outweighed by the competing interest in protecting a business' sensitive information. *See GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09-cv-123, 2009 WL 1248114, at *8–9 (E.D. Va. Apr. 30, 2009); *see also East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3841401, at *2 (E.D. Va. Sept. 4, 2012) (sealing documents containing "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"); *Flexible Benefits Council v. Feltman*, No. 1:08-cv-371, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (concluding that "[t]he public's interest in access is outweighed . . . by the Plaintiff's interest in preserving confidentiality" of sensitive data "that are normally unavailable to the public").

Moreover, the DTSA itself provides that:

In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws. An interlocutory appeal by the United States shall lie from a decision or order of a district court authorizing or directing the disclosure of any trade secret.

*See* 18 U.S.C. § 1835(a).  The relief sought by CACI through this Motion to Seal is consistent with the DTSA's terms intended to preserve the confidentiality of trade secrets during the pendency of litigation.

<u>**Conclusion**</u>

As demonstrated above, the information that CACI requests to seal qualifies for sealing under the Fourth Circuit standard and the DTSA. Given the confidential and sensitive nature of this material, the public's interest in this material is outweighed by the need to maintain its confidentiality. *See, e.g., Flexible Benefits Council*, 2008 WL 4924711, at *1.  Accordingly, CACI respectfully requests that the Court grant its Motion to Seal Exhibits D through AA to the Mengucci Declaration.

Dated: September 5, 2017                    Respectfully submitted,

                                            **CACI, INC. – FEDERAL**


                                               /s/
                                            _____
                                            Linda Jackson (VSB No. 37706)
                                            Dana Finberg (VSB No. 34977)
                                            Arent Fox LLP
                                            1717 K Street, NW
                                            Washington, DC  20006-5344
                                            Ph: 202.857.6000
                                            Fax:  202.857.6395
                                            linda.jackson@arentfox.com
                                            dana.finberg@arentfox.com

                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Memorandum in Support of Motion to File Documents Under Seal was sent to a process server this 5th day of September 2017 for same day hand delivery upon the Defendant at the address listed below.  The undersigned also certifies that a copy of Plaintiff's Memorandum in Support of Motion to File Documents Under Seal was sent to Defendant by email to the email addresses listed below on this 5th day of September 2017.

> Bao-Tran "CJ" X. Ngo
> 42516 Legacy Park Dr,
> Ashburn, Va. 20148
> btxngo@yahoo.com
> cj.x.ngo@gmail.com

Dated: September 5, 2017                              Respectfully submitted,

                                                     **CACI, INC. – FEDERAL**


                                                      /s/
                                                     _____
                                                     Linda Jackson (VSB No. 37706)
                                                     Dana Finberg (VSB No. 34977)
                                                     Arent Fox LLP
                                                     1717 K Street, NW
                                                     Washington, DC  20006-5344
                                                     Ph: 202.857.6000
                                                     Fax:  202.857.6395
                                                     linda.jackson@arentfox.com
                                                     dana.finberg@arentfox.com

                                                     *Attorneys for Plaintiff*