# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| **CACI, INC. – FEDERAL,** | Case No. 1:17-cv-988-CMH-MSN |
| **Plaintiff,** | |
| **v.** | |
| **BAO-TRAN X. NGO,** | |
| **Defendant.** | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL POST-JUDGMENT DISCOVERY

Defendant Bao-Tran X. Ngo, the judgment debtor in this matter, and a *pro se* party, has failed to respond to CACI, INC. – FEDERAL's ("CACI") post-judgment discovery requests. Although CACI attempted in good faith to directly confer with Ms. Ngo via letter, Ms. Ngo has not responded to CACI's efforts to communicate and reach agreement on the outstanding discovery. Accordingly, CACI respectfully requests that this Court enter an order compelling Ms. Ngo to respond to interrogatories and produce documents pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37 and 69, and Rules 26 and 37 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## PROCEDURAL HISTORY

CACI obtained a judgment against Ms. Ngo in this Court on June 12, 2020 in the amount of $753,808.82 when the Court confirmed the Final Award issued in an American Arbitration Association proceeding. Dkt. #83. The judgment remains unsatisfied.

On July 23, 2020, pursuant to Fed. R. Civ. P. 26, 33, 34 and 69, CACI served its First Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment

(attached as Exhibit A to Declaration of Linda Jackson, Esq. ("Jackson Decl.")) on Ms. Ngo[1] by overnight FedEx, first-class U.S. mail, and email.

On August 31, 2020, counsel for CACI contacted Ms. Ngo pursuant to Local Rule 37(E) in a good faith attempt to meet and confer regarding her failure to respond to CACI's post-judgment discovery requests. Jackson Decl. ¶ 3. To date, Ms. Ngo has not served any discovery responses or contacted CACI counsel to discuss the matter. *Id.* ¶ 4.

## **ARGUMENT**

### **THE COURT SHOULD COMPEL RESPONSES TO CACI'S POST-JUDGMENT DISCOVERY REQUESTS**

As stated, CACI obtained a judgment for the payment of money against Ms. Ngo on June 12, 2020, when this Court confirmed the arbitrator's Final Award. At that time, CACI became a judgment creditor and Ngo became the judgment debtor. Rule 69 provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules . . . ." Fed. R. Civ. P. 69(a)(2).

Pursuant to Fed. R. Civ. P. 26, 33 and 34, on July 23, 2020, CACI served a set of interrogatories and a request for production of documents in order to obtain information about Ms. Ngo's income and assets that will assist CACI in collecting its judgment against Ms. Ngo. Ms. Ngo was required to serve her responses to CACI's post-judgment discovery requests within 30 days of service. Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Ms. Ngo failed to serve any responses on CACI as required by Federal Rules and the Local Rules of this Court. Nor did Ms. Ngo serve any objections.

---

[1] This Court granted Ms. Ngo's attorney's Motion to Withdraw Appearance as Counsel on May 18, 2020. Dkt. #82. To CACI's knowledge, Ms. Ngo has not obtained new counsel to represent her in post-judgment proceedings.

Furthermore, even though CACI contacted Ms. Ngo via letter notifying her that her post-judgment discovery responses were overdue, and specifically requesting that she contact CACI counsel to discuss the outstanding discovery (*see* Jackson Decl. ¶ 3 & Ex. B), Ms. Ngo has not contacted CACI counsel to confer about the deadline or the requests. Counsel for CACI specifically notified Ms. Ngo that CACI would file a motion to compel her responses if Ms. Ngo failed to produce discovery by September 7, 2020. *Id.* at Ex. B. Ms. Ngo did not respond to Counsel's letter. *See id.* ¶ 4.

Rule 37(a)((3)(B) states that "[a] party seeking discovery may move for an order compelling an answer . . . if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents . . . as requested under Rule 34." Ms. Ngo has been provided ample opportunity to reply to CACI's post-judgment discovery requests and has completely ignored her obligation to respond. Ms. Ngo should be compelled to respond to CACI's post-judgment discovery requests immediately, so that CACI can proceed with enforcement of its judgment.

## CONCLUSION

For all the foregoing reasons, CACI respectfully requests that the Court enter an order compelling Defendant Bao-Tran X. Ngo to respond to interrogatories and produce document pursuant to Fed. R. Civ. P. 33, 34 and 69.

[*Signature on following page*]

3

DATED: September 10, 2020

Respectfully submitted,

ARENT FOX, LLP
By: */s/ Linda Jackson*
  Linda Jackson (VSB No. 37706)
  Dana Finberg (VSB No. 34977)
  Nadia Patel (VSB No. 84300)
  Arent Fox LLP
  1717 K Street, NW
  Washington, DC 20006-5344
  Ph: 202.857.6000
  linda.jackson@arentfox.com
  dana.finberg@arentfox.com
  nadia.patel@arentfox.com

  *ATTORNEYS FOR JUDGMENT CREDITOR*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served on Defendant at the address listed below via FedEx, first-class mail, and e-mail on September 10, 2020:

  Bao-Tran X. Ngo
  42516 Legacy Park Drive
  Ashburn, Virginia 20148
  Cj.x.ngo@gmail.com

    */s/ Linda Jackson*
    Linda Jackson